UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAVID MEYERS, #1039777,

        Petitioner,

v.                                                  ACTION NO. 2:20cv627

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on the *pro se* petition filed pursuant to 28 U.S.C. § 2254 by petitioner David Meyers ("Meyers"), a Virginia inmate, and respondent's motion to dismiss the petition. ECF Nos. 1, 33. Meyers challenges disciplinary proceedings conducted by the Virginia Department of Corrections while he was in custody at Sussex I State Prison, Virginia. ECF No. 1. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia.

The undersigned **RECOMMENDS** that respondent's motion to dismiss, ECF No. 33, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE**.

I. **STATEMENT OF THE CASE**

Meyers' claims arise in connection with a disciplinary hearing held June 15, 2020, while he was housed in the Sussex I State Prison ("Sussex I").[1] ECF No. 1, at 1.

A. **Meyers' Disciplinary Hearing Process**

On April 21, 2020, Meyers submitted a Prison Rape Elimination Act ("PREA") complaint in the form of a grievance to the Eastern Regional Office through outgoing mail. ECF No. 34-1, at 6. Meyers asserted that, between 2:00 p.m. and 6:00 p.m. on April 20, 2020, Britt, a female counselor, had an officer come to the shower in 3B pod and threaten that he was going to open the shower door while Meyers was naked and putting on his clothes. *Id.* at 10. Meyers further asserted that, between 8:00 a.m. and 2:00 p.m. on April 21, 2020, while Meyers was sitting in his wheelchair and urinating in his toilet, unit manager Vancampen came to his cell, "mumbled female on the floor," and looked at Meyers urinating. *Id.* Meyers further asserted that counselor Britt came right behind Vancampen to Meyers' cell door and "feigned" signing a behavioral door chart sheet while she stared at Meyers when he was urinating. *Id.*

The regional ombudsman responded to Meyers in a letter dated April 24, 2020, stating "[y]our unprocessed regular PREA grievance was received in the Regional Office on April 24, 2020. I will forward this to the facility for them to address as Level I grievances are not processed at the regional level." *Id.* at 11. The complaint was forwarded to Sussex I Intel staff on April 27, 2020, to begin a PREA investigation. *Id.* at 6.

---

[1] On June 16, 2021, Meyers was transferred to Central Prison in Raleigh, North Carolina under the Interstate Corrections Compact. ECF No. 27, at 1.

2

On May 22, 2020, an Intel officer attempted to interview Meyers regarding his allegation. *Id.* at 10. Meyers refused to come out of his cell, stating "I am not coming out of my cell to speak with anyone from Intel, I am in fear of my life and I was told by the Eastern Regional Office that someone from SIU will handle the investigations on all of my complaints." *Id.*

Following a review of the video surveillance system (Max-Pro Camera System) recording for 1:00 p.m. to 7:00 p.m. on April 20, 2020, and from 7:00 a.m. to 3:00 p.m. on April 21, 2020, interviews of counselor Britt and unit manager Vancampen, and interviews of witness Intel Officer Crocker-Nelson and Intel Sergeant Laboy regarding their investigation of PREA complaints, the following determination was made:

> This PREA allegation has been deemed unfounded due to there being no solid foundation to establish or support any of the complaints that were alleged by . . . Meyers . . . . none of the alleged instances occurred as stated in the complaint.

*Id.* at 10–13; *see also id.* at 4–5. The video surveillance revealed that neither Britt nor Vancampen stopped at Meyers' cell door or at his shower on April 20, 2020, and Meyers did not take a shower that day. *Id.* at 13. The video surveillance further revealed that neither Britt nor Vancampen stopped at Meyers' cell door and looked into his room on April 21, 2020. *Id.*

On June 2, 2020, Meyers was charged with a disciplinary infraction for "False Statements or Charges Against an Employee." *Id.* at 18, 26–27. He was found guilty of the infraction on June 15, 2020, and disciplined with a fine of $15.00. *Id.* at 21, 26–27. Meyers appealed the decision on June 26, 2020, and the warden upheld the decision on August 10, 2020. *Id.* at 22–23, 26–27.[2]

---

[2] The Court notes that the Institutional Classification Authority ("ICA") at Wallens Ridge State Prison conducted Meyers' annual review on February 1, 2019, and continued Meyers under a good time class level 4 (earning no good time). ECF No. 34-1, at 28. ICA at Sussex I conducted an

3

### B. Meyers' State and Federal Habeas Appeals

Meyers filed a habeas petition with the Supreme Court of Virginia on July 2, 2020, challenging the disciplinary hearing held at Sussex I in relation to his April 2020 complaints, and challenging the results of his 2020 annual review. ECF No. 34-2, at 4–6. Meyers filed two motions, on September 24 and 25, 2020, seeking leave to amend his state habeas petition. *Id.* at 9–21. The Supreme Court of Virginia denied the motions on November 19, 2020. *Id.* at 23. On July 16, 2021, the Supreme Court of Virginia dismissed Meyers' petition for lack of jurisdiction, "as an order entered in petitioner's favor would not directly impact the duration of his confinement." *Id.* at 24–25 (citing *Carroll v. Johnson*, 685 S.E.2d 647 (Va. 2009)).

Meyers filed his federal petition for a writ of habeas corpus on December 15, 2020, challenging his disciplinary hearing and state habeas appeal. ECF No. 1. Meyers alleges he was denied due process when: (1) he was not permitted to summon witnesses or documentary evidence for presentation at his hearing, or have a counselor or advisor present (*id.* at 5, 8–9); (2) his allegations of sexual abuse by staff, central to his disciplinary infraction of false statements or charge against an employee, were not properly investigated (*id.* at 7, 9–10); (3) he was not given a psychological assessment in connection with his hearing (*id.* at 8); and (4) the Supreme Court of Virginia erred when denying him leave to amend his state habeas petition and ultimately denying the petition (*id.* at 11).

Respondent filed a Rule 5 answer and motion to dismiss, as well as a supporting brief on

---

annual review on February 27, 2020, and continued Meyers under a good time class level 4. *Id.* at 29. VDOC records indicate Meyers has been at a good time class level 4 since June 23, 2017, and has had a security level 5 classification—maximum security—since January 30, 2018. *Id.* at 3.

4

January 6, 2022. ECF Nos. 32–34. Meyers filed a response to the motion to dismiss on January 31, 2022. ECF No. 37.

## II.     ANALYSIS

A.   **Habeas relief is not available for Meyers' challenge to his disciplinary hearing on due process grounds, grounds (1) through (3), when the hearing did not result in the loss of good time credits.**

The U.S. Supreme Court has indicated that federal law permits state prisoners to pursue only certain kinds of claims via a petition for a writ of habeas corpus. In *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005), the Supreme Court held that habeas corpus is an appropriate remedy only when "success in that action would necessarily demonstrate the invalidity of confinement or its duration." Stated another way, "in challenges to prison procedures, 'where success in the action *would not necessarily* spell immediate or speedier release for the prisoner,' § 1983, not habeas corpus, is the appropriate remedy." *Gaskins v. Johnson*, 443 F. Supp. 2d 800, 803 (E.D. Va. 2006) (quoting *Wilkinson*, 544 U.S. at 81). To proceed pursuant to section 2254, Meyers, therefore, must show that a successful challenge to the disciplinary proceeding at issue would necessarily result in his "immediate or speedier release." *Id.*

The record indicates that Meyers did not forfeit any good time credits as a result of his disciplinary violation. Accordingly, Meyers' petition for habeas corpus must be denied and dismissed for lack of subject matter jurisdiction. *See Watson v. Clarke*, No. 7:21cv49, 2021 WL 439935, at *1 (W.D. Va. Feb. 8, 2021) (dismissing section 2254 petition challenging a disciplinary conviction that did not result in the loss of any earned good time credit as an improper habeas claim "because granting relief . . . would not necessarily imply that the duration of his sentence should be shortened.") (citing *Wilkinson*, 544 U.S. at 81).

Although he may not proceed under 28 U.S.C. § 2254, Meyers' claims may be cognizable under 42 U.S.C. § 1983, which authorizes the filing of a civil rights lawsuit by one alleging that a person acting under color of state law deprived him of a right, privilege, or immunity, such as the right to due process, provided by the Constitution or laws of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Meyers has an active civil case brought pursuant to section 1983 in this court against multiple defendants including counselor Britt and unit manager Vancampen. *Meyers v. Stoney*, No. 2:20cv469, ECF No. 1, at 3. In his complaint, Meyers asserts that his claims of sexual abuse by staff have not been properly investigated, and challenges the ensuing disciplinary hearings that resulted in $60.00 in fines from his inmate account. *Id.* at 9.

There is no entitlement for a plaintiff to pursue two cases at the same time that are substantially the same. *Watson*, 2021 WL 439935, at *2 ("Plaintiffs have no right to maintain two separate actions involving the same subject matter at the same time") (quotations and citations omitted). Further, due to the different filing fees ($5.00 for section 2254 versus $350.00 for section 1983), statutes of limitations, and the collateral consequences associated with filing multiple, frivolous civil rights lawsuits, *see* 28 U.S.C. §§ 1914, 1915(b)(1), 1915(g), the Court will not construe Meyers' section 2254 petition as a civil rights lawsuit brought pursuant to section 1983. Grounds (1) through (3) should be **DISMISSED**.

**B.    Habeas relief is not available for ground (4) challenging Meyers' state habeas proceeding.**

In ground (4), Meyers alleges the Supreme Court of Virginia erred in not granting his motions to amend his petition and in not granting his petition for a writ of habeas corpus. ECF No. 1, at 11. Habeas relief is not available for ground (4) because the Court may not consider a

challenge to an error committed during Virginia's state habeas corpus proceedings. The United States Constitution does not grant a state prisoner the right to post-conviction proceedings in state court. *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) (citing *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001)). Accordingly, claims of error in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief. *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988); *Lawrence*, 517 F.3d at 717 ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to the detention and not to the detention itself."). The Court finds that ground (4) represents an attack on the decision of the state court during Meyers' state habeas appeal and, accordingly, provides no basis for federal habeas corpus relief. Ground (4) should be **DISMISSED**.

### III. RECOMMENDATION

For the reasons stated herein, the undersigned recommends that respondent's motion to dismiss, ECF No. 33, be **GRANTED**, and that Meyers' petition for writ of habeas corpus be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C.

§ 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

    2.    A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge
Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
February 2, 2022

**Clerk's Mailing Certificate**

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

David Meyers, #1039777
Scotland Correctional Institution
22383 McGirts Bridge Road
Laurinburg, NC 28353

Fernando Galindo, Clerk

By ___/s/ J. L. Meyers___
     Deputy Clerk

February __2__, 2022